**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| DAKOTA J. JESPERSEN,<br><br>Plaintiff,<br><br>v.<br><br>TRUEACCORD CORP. AND JEFFERSON CAPITAL SYSTEMS, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 2:26-cv-00085<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

NOW comes DAKOTA J. JESPERSEN ("Plaintiff"), by and through the undersigned, complaining as to the conduct of TRUEACCORD CORP. ("TrueAccord") and JEFFERSON CAPITAL SYSTEMS, LLC ("JCS") (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendants' unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to these claims occurred within the Southern District of Texas.

4. Joinder of Plaintiff's claims against Defendants are proper pursuant to Fed. R. Civ. P. 20(a)(2) as the conduct arises out of the same transaction, occurrence, or series of transactions and occurrences and common questions of law and fact will arise.

## PARTIES

5. Plaintiff is a consumer over-the-age of 18 and resides in Corpus Christi Texas, which is within the Southern District of Texas.

6. TrueAccord is a third-party debt collector who engages in collecting or attempting to collect, directly or indirectly, default debts owed or due using mail, credit reporting, and telephone from consumers across the country, including those within the state of Texas. TrueAccord is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 16011 College Blvd., Suite 130, Lenexa, Kansas 66219.

7. JCS also engages in the business of purchasing, collecting or attempting to collect, directly or indirectly, debts owed or due to another using the mail and telephone from consumers across the country, including from those in the state of Texas. JCS is a limited liability company organized under the laws of the state of Georgia with its principal place of business located at 200 14th Avenue East, Sartell, Minnesota 56377.

8. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a debt originating from T-Mobile USA, Inc. ("T-Mobile") in the amount of $1698.84 ("subject consumer debt") said to be owed from Plaintiff, which was used for personal, family, and household purposes.

10. Due to financial hardships outside of his control, Plaintiff fell behind on the payments for the subject consumer debt.

11. Upon information and belief, after Plaintiff's purported default on the subject consumer debt, it was charged off and bought by JCS. Thereafter, JCS authorized TrueAccord to collect on the subject consumer debt on its behalf.

12. On or around March 15, 2026, Plaintiff's fiancée, Andria, received an email ("Email") from Defendants to her personal email address, regarding the subject consumer debt.

13. The Email, addressed to Plaintiff, contained personal information, including, but not limited to account numbers, address, and the existence of the subject debt.

14. From Plaintiff's fiancée informing her of the Email, Plaintiff learned that Defendants were not only seeking to collect on the subject debt, but they also disclosed the subject debt to a third party.

15. Plaintiff's fiancée is not and has never been an authorized party to receive information on the subject debt, nor have the parties ever shared an attorney-client relationship.

16. As a result, Plaintiff's personal information was wrongfully given out to other third parties.

17. Further, Plaintiff was misled as to his consent to receive communications from Defendants regarding the subject debt.

18. Frustrated over Defendants' conduct, Plaintiff spoke to the undersigned regarding his rights, exhausting time, money, and resources.

19. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

20. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to invasion of privacy by sharing his personal information with a third party absent consent, confusion, aggravation, emotional distress, anxiety stemming from being targeted for continuous harassment, and numerous violations of his federal and state-protected interests to be free from harassing and abusive debt collection conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

23. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

24. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendants identify themselves as debt collectors and are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others, and further, is a business whose principal purpose is the collection of debts.

### a. Violations of FDCPA § 1692c *et seq.*

26. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits a debt collector from communicating with anyone other than the consumer, in connection with collection of any debt "without the prior consent of the consumer given directly to the debt collector."

27. Defendants violated 15 U.S.C. §§ 1692(c) and 1692c(b) by contacting a third party without Plaintiff's prior consent. Defendants sent an email attempting to collect upon the subject consumer debt to Plaintiff's fiancée, Andria, without his prior consent. Defendants' violations of the relevant statutes and regulations caused Plaintiff harm in the form of invasion of privacy and distress stemming from Defendant's Email, containing identifying personal information, being sent without Plaintiff's consent unconsented to a third party.

**b. Violations of FDCPA § 1692e**

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendants violated §§ 1692e and 1692e(10) when it deceptively contacted a third party, without Plaintiff's consent, to attempt to collect upon the subject consumer debt. The Email contained identifying personal information, which caused further confusion and distress for Plaintiff. Defendants falsely and deceptively represented their ability to contact a third party regarding an outstanding obligation since, under the FDCPA, Defendants were precluded from engaging in such conduct. Defendants' deceptive conduct was designed to compel Plaintiff's payment on the purported debt through undue and deceptive means.

**c. Violations of FDCPA § 1692f**

31. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

32. Defendants violated §1692f by employing unfair and unconscionable means to collect the subject consumer debt from Plaintiff. Specifically, it was unfair for Defendants to send a collection Email, which contained personal information, to a third party without Plaintiff's prior express consent as a means of placing undue external pressure on Plaintiff to address the subject consumer debt.

WHEREFORE, Plaintiff, DAKOTA J. JESPERSEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendants from further contacting Plaintiff or any third parties regarding Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendants are "debt collector[s]" and/or "third party debt collector[s]" as defined by Tex. Fin. Code Ann. §§ 392.001(6) and 392.001(7).

36. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.304**

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

38. Defendants violated the above-referenced portion of the TDCA in much the same way it violated § 1692e of the FDCPA.

WHEREFORE, Plaintiff, DAKOTA J. JESPERSEN, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendants from further contacting Plaintiff or any third parties regarding Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 24, 2026 Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com